Dear Mr. Harper:
This letter is in response to your question asking:
 "Can a county court in a second class county set a speed limit lower than twenty-five miles per hour on a county road where the lower speed is necessitated due to hazardous road conditions, school zones with poor sign distances, internal roads of high density mobil home parks (where roads previously dedicated to county), handicapped crossings, etc.?"
In particular you refer to Boone County which is a second class county containing a state university. You also refer to House Bill No. 286, First Regular Session, 79th General Assembly, which provides:
 "SECTION 1. Notwithstanding other provisions of law, the county court of any county of the second class may set a speed limit on any county road, not within the limits of any incorporated city, town, or village, lower than that otherwise provided by law. However, in no case shall the speed limit be set lower than twenty-five miles per hour. The court shall send copies of any such order to the superintendent of the state highway patrol. After the roads have been properly marked by signs indicating the speed limits set by the county court, the speed limits so set shall be in full force and effect.
 "SECTION 2. Any person who violates any provision of this act is guilty of a misdemeanor and upon conviction shall be punished as provided by law.
 "SECTION 3. The limits on speed set by this section do not apply to the operation of any emergency vehicle as defined in Section 304.022, RSMo. Nothing in this act shall make the speeds prescribed therein lawful in a situation that requires lower speed for compliance of the basic rule declared in Sub Section 1 of Section 304.010, RSMo."
The three sections of that bill are now numbered respectively Sections 49.267, 49.269 and 49.268, V.A.M.S.
You have also referred to Section 304.010, RSMo Supp. 1975. Subsection 5 of that section provides:
 "The county court of any county of the second class containing one hundred twenty-five thousand or more inhabitants or a county of the second class containing a state university may set a speed limit on any county road not within the limits of any incorporated city, town or village, lower than that otherwise provided in this section where the condition of the road or nature of the area requires a lower speed. The court shall cause copies of any order establishing a speed limit on a county road to be sent to the chief engineer of the state highway department and the superintendent of the state highway patrol. After the roads have been properly marked by signs indicating the speed limits set by the county court, the speed limits shall be effective as those provided in this section."
Subsection 1 of Section 304.010 provides:
 "Every person operating a motor vehicle on the highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care."
The title of House Bill No. 286 provides:
 "AN ACT relating to motor vehicle speed limits in certain second class counties, with penalty provisions." (emphasis added)
"`Since the title of an act is essentially a part of the act and is itself a legislative expression of the general scope of the bill, it may be looked to as an aid in arriving at the intent of the legislature.' . . ." In re Tompkins' Estate, 341 S.W.2d 866,871 (Mo. 1960). Here the title reflects a limitation on the scope of the act to "certain second class counties". Notable also in this respect is the fact that the title of the bill as originally introduced did not contain the word "certain" or the words "with penalty provisions."
Further, the bill as originally introduced did not contain the provision that in no case shall the speed limit set by the county court be lower than twenty-five miles per hour or the present sections 2 and 3. We believe both the provisions of subsection 5 of Section 304.010 and the provisions of House Bill No. 286 have to be given effect. That is, it is axiomatic that repeals by implication are not favored and generally a special statute controls over a general statute. Reading these statutes in light of what we believe to be the legislative intent leads us to the conclusion that the authority given Boone County to set speed limits on county roads not within the limits of any incorporated city, town or village, lower than that otherwise provided in Section 304.010 where the condition of the road or nature of the area requires a lower speed, was not repealed by implication by House Bill No. 286. Certainly there was no express repeal of subsection 5 of Section 304.010.
Thus, we conclude that House Bill No. 286 does not affect the authority given to the Boone County Court by subsection 5 of Section 304.010.
We do not find it necessary to go into a general discussion of House Bill No. 286 in view of the conclusion that we have reached with respect to Boone County.
Very truly yours,
 JOHN ASHCROFT Attorney General